**Alberto JIMENEZ, Plaintiff,**

v.

**Robert C. EDDY, District Director, Immigration & Naturalization Service, Defendant.**

**No. A01–47 CV (JWS).**

United States District Court, D. Alaska.

June 26, 2001.

Lisa H. Donnelley, Stock & Moeller, L.L.C., Anchorage, AK, for plaintiff.

Robert C. Eddy, District Director, Timothy S. Burgess, United States Attorney, Susan Lindquist, Assistant United States Attorney, Anchorage, AK, for defendant.

## ORDER FROM CHAMBERS

SEDWICK, District Judge.

## I. MOTION PRESENTED

Alberto Jiminez ("Jiminez") appeals a final administrative denial of his naturalization application. At docket 9, Jiminez moves for summary judgment. Defendant Robert C. Eddy, District Director, Immigration and Naturalization Service ("Eddy"), opposes the motion. Oral argument has not been requested and would not assist the court.

## II. BACKGROUND

The facts stated here are based on the stipulated facts filed at docket 8. Jiminez was admitted to lawful permanent residence in the United States on December 1, 1990. On June 2, 1999, Jiminez was convicted of DWI in Alaska state court. It was his second DWI in six years, Jiminez having been convicted in California in 1993. Consequently, because it was his second conviction, Alaska state court sentenced Jiminez to 90 days in jail with 70 days suspended, a $1,000 fine with $400 suspended, revoked his driver's license for 1 year, and placed him on probation for 5 years. On October 1, 1999, Jiminez was convicted of Driving with a Suspended Operator's License. Alaska state court sentenced him to 30 days in jail and a $1,000 fine.

Jiminez applied for naturalization on October 14, 1999. Good moral character is one of the statutory elements for naturalization.[1] INS promulgated regulations addressing good moral character at 8 C.F.R. § 316.10. The regulations provide, in part:

(c) Proof of good moral character in certain cases—

(1) Effect of probation or parole. An applicant who has been on probation, parole, or suspended sentence during all or part of the statutory period is not thereby precluded from establishing good moral character, but such probation, parole, or suspended sentence may be considered by the Service in determining good moral character. *An application will not be approved until after the probation, parole, or suspended service has been completed.*[2]

---

1. *See* 8 U.S.C. § 1427.

2. *See* 8 C.F.R. § 316.10(c)(1) (emphasis added).

INS denied Jiminez's naturalization application on December 12, 2000, because he was on unsupervised probation for a prior misdemeanor DWI conviction. Jiminez filed a timely administrative appeal. INS conducted an administrative appeal hearing and issued a written decision on January 29, 2001, affirming denial of his naturalization application. INS did not find that Jiminez lacked good moral character. Instead, it concluded that the governing regulation constituted an absolute bar because Jiminez was still on probation. Jiminez appeals arguing that INS misinterpreted or misapplied its regulation. In the alternative, Jiminez contends that the regulation is arbitrary, capricious, and represents an abuse of discretion. Other facts are noted below.

### III. STANDARD OF REVIEW

■ Under 8 U.S.C. § 1421(c), the district court reviews *de novo* a decision denying a naturalization application.

### IV. DISCUSSION

Jiminez was on probation when he applied for naturalization. The clear and unambiguous terms of the governing regulation provide, in relevant part, that, "[a]n application will not be approved until after the probation, parole, or suspended service has been completed."[3] Jiminez contends that the regulation is interpreted differently. However, INS submits a declaration from Joseph D. Cuddihy, the Assistant Deputy Executive Associate Commissioner, which clarifies that "INS cannot approve the application of any applicant for naturalization if they are on probation, pa-

role or suspended sentence. This prohibition applies to every applicant, regardless of the underlying criminal offense."[4] Thus, INS did not misinterpret or misapply its regulation.

■ Jiminez's alternate argument is that the regulation is arbitrary, capricious, and represents an abuse of discretion. The court disagrees. The regulation was promulgated in accordance with established rulemaking procedures. The court's review is narrow. The court is not entitled to substitute its judgment for the agency's.[5] The court must defer to the agency's construction of its own regulation unless the agency's regulation contravenes Congressional intent or undermines the relevant statute's purpose(s).[6] The relevant statutes, 8 U.S.C. § 316(a) and § 1101(f), require INS to determine whether naturalization applicants possess good moral character and list non-exclusive examples of matters which would disqualify an applicant. Congress did not address whether or not being on probation should disqualify an applicant. Thus, the court must consider whether INS' regulation is arbitrary, capricious, or represents an abuse of discretion.

For reasons exhaustively discussed by INS in its opposition at docket 12 which the court incorporates here for brevity's sake, the regulation is not arbitrary or capricious. To the contrary, whether or not an individual is on probation, parole, or under a suspended sentence for a criminal conviction is an appropriate factor to take into account when evaluating an applicant's

---

3. *See* 8 C.F.R. § 316.10(c)(1) (emphasis added).

4. *See* Declaration of Joseph D. Cuddihy, June 5, 2001, ¶ 4 (filed at docket 14).

5. *See O'Keeffe's, Inc. v. U.S. Consumer Product Safety Comm'n*, 92 F.3d 940, 942 (9th Cir. 1996).

6. *See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–43, 866, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

moral character. The regulation falls well within the range of discretion vested in INS by Congress. Furthermore, INS did not abuse its discretion by applying the regulation to Jiminez's case. DWI is not a "petty offense." The fact that Jiminez received a second conviction for the same offense supports INS' position that it would be prudent to wait until probation has expired before accepting Jiminez's naturalization application.

### V. CONCLUSION

INS has not cross-moved for summary judgment conceding that "proper resolution of the entire case cannot be done on motion because INS made no ruling on whether Jiminez had good moral character." [7] However, INS argues that partial summary judgment establishing that the governing regulation is valid is appropriate.[8] Although INS' opposition at docket 12 is not being tracked as a separate motion or cross-motion, the court agrees that the regulation is valid.

For the foregoing reasons:

(1) Jiminez's motion at docket 9 is **DENIED**;

(2) INS is hereby granted partial summary judgment establishing that the governing regulation, 8 C.F.R. § 316.10(c), is valid; and

(3) The parties shall confer and on or before **July 20, 2001,** file a status report advising what additional issues must be resolved in order to conclude this litigation.

---

7. *See* INS' Opposition, docket 12 at p. 2.

8. *Id.* at pp. 2–3.